IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

BLISS HEBERLEIN GREEN,

          Plaintiff,

    v.

DOUGLAS COUNTY SHERIFF'S
DEPARTMENT et al.,

          Defendants.

Civ. No. 6:16-cv-00575-MC

OPINION AND ORDER

_____

MCSHANE, Judge:

Plaintiff, a senior citizen of California proceeding *pro se*, brings this action after having paid the filing fee. *See* Compl. ECF No. 1.

Plaintiff's claims surround an encounter with a Douglas County Sheriff's deputy that occurred while Plaintiff was traveling in Oregon. Plaintiff appears to take issue with (1) the fact that the deputy did not read him his *Miranda* rights; (2) the fact that the deputy "attempt[ed] to force Plaintiff to disclose medical conditions by threatening actions"; and (3) the fact that the deputy "failed to recognize that Plaintiff's car had a severely under-inflated tire." Compl., ECF No. 1 at 3–4.

This Court may dismiss claims *sua sponte* under FRCP 12(b)(6) for failure to state a claim upon which relief can be granted. *Omar v. Sea-Land Serv., Inc.*, 813 F.2d 986, 991 (9th Cir. 1987) (citations omitted). Upon review, Plaintiff's complaint, ECF No. 1, is DISMISSED with leave to amend.

1 – OPINION AND ORDER

## STANDARD OF REVIEW

"In civil rights cases where the plaintiff appears *pro se*, [this Court] must construe the pleadings liberally and must afford plaintiff the benefit of any doubt." *Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988) (citations omitted). A *pro se* litigant must be provided "leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Id.* (citations and internal quotations omitted). "Moreover, before dismissing a pro se civil rights complaint for failure to state a claim, [this Court] must give the plaintiff a statement of the complaint's deficiencies." *Id.*

To survive an assessment under FRCP 12(b)(6) and 28 U.S.C. § 1915(e)(2)(B), plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Such facts are presumed true and must constitute "more than a sheer possibility that a defendant acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## DISCUSSION

Plaintiff's claims contain deficiencies that nearly meet the high threshold of absolute clarity that they cannot be cured by amendment.

First, *Miranda* warnings are required only in situations of custodial interrogation. *Miranda v. Arizona,* 384 U.S. 436, 86 S. Ct. 1602, 16 L. Ed. 2d 694 (1966). Otherwise, "*Miranda* leaves the responsibility for keeping a citizen informed of his constitutional rights with the preeminent guardian of those rights: the citizen himself." *United States v. Kilgroe*, 959 F.2d 802, 805 (9th Cir. 1992). Plaintiff alleges that his interaction with the deputy took place during a routine traffic stop in a convenience store parking lot. At one point during the interaction, Plaintiff "walked away" from the deputy "who then left Plaintiff alone . . . and went on his way."

2 – OPINION AND ORDER

Complaint, ECF No. 1 at 3. On its face, this traffic stop does not arise to custodial interrogation and therefore did not require *Miranda* warnings. *See Berkemer v. McCarty*, 468 U.S. 420, 442, 104 S. Ct. 3138, 3152, 82 L. Ed. 2d 317 (1984).

Next, Plaintiff alleges that the deputy threatened to suspend Plaintiff's license in order to force Plaintiff to disclose his medical conditions. Plaintiff makes no viable claim by asserting this allegation, and this conversation does not arise to a claim to relief that is plausible on its face.

Plaintiff's final claim similarly fails. Plaintiff asserts that the deputy failed to identify and warn of an under-inflated tire which then caused Plaintiff to "not drive straight" and rendered him unable to "hold a lane" on the highway. Compl., ECF No. 1 at 4. Plaintiff does not identify any obligation by law enforcement officers to inspect citizen's vehicles and warn them of potential hazards. Plaintiff again fails to state a claim.

## CONCLUSION

For these reasons, Plaintiff's complaint, ECF No. 1, is DISMISSED with leave to amend. **Plaintiff is allowed 30 days from the date of this order to file an amended complaint curing the deficiencies identified above, otherwise this action will be dismissed with prejudice.** The Clerk of the Court shall not issue process until further order of this Court. Should Plaintiff failed to amend or decide to voluntarily withdraw this action, his filing fee shall be refunded.

IT IS SO ORDERED.

DATED this _11_ day of April, 2016.

Michael J. McShane
United States District Judge